Van Wyck, J.
Plaintiff’s action is to recover damages for breach of a contract made, as alleged, by M. Donnelly & Go., then composed of the two defendants, Michael Donnelly and Peter J. McArdle. The defendant McArdle appeared at trial and defended, but the defendant Donnelly did not
After the close of plaintiff’s evidence, and before defendant rested liis case, he moved to dismiss the complaint, and the court dismissed as against defendant McArdle, and directed a verdict against defendant Donnelly, -who did not defend at trial. The plaintiff duly excepted, and took this appeal from the judgment of dismissal against McArdle. This was a non-suit, and will be reviewed as such. If the record shows any evidence, however slight, tending to jtrove the plaintiff’s cause of action against defendant McArdle, it was not within the power of the court below to dismiss the complaint or order a non-suit; nor could the non-suit have been granted on the assumption that plaintiff’s witness is not to be believed, but the court was bound to assume the truth of the facts which plaintiff’s evidence legitimately conduces to *136 prove, although their correctness may be controverted by the defendant’s evidence.
Plaintiff’s evidence shows that the contract, on the breach of which this action is founded, was signed M. Donnelly & Co., on November 27, 1890, by defendant Donnell)', in the presence of and under the direction of Stephen, the son of defendant Mc-Ardle, and in the place of business at 134 Leroy street, this city, upon which the sign was, “ M. Donnelly & Co.; Rails, Scrap Iron and Metals,” and that printed at the top of this contract was the same firm and business description, and that the contract was for the transportation by plaintiff of 200 tons of iron for said firm. It is undisputed that Donnelly and McArdle were co-partners on November 7, 1889, and, as such, were then carrying on the business of buying and selling rails, scrap iron and metals, at this same place, 134 Leroy street.
The defendant, Donnelly, who was called by plaintiff, testified that he and McArdle continued as such co-partners until March 18, 1891, when McArdle caused to be published in the New York Herald a notice of dissolution as by mutual consent, and that after November 7, 1889, he, Donnelly, had as much right there as he had ever had before. This evidence, standing alone, is certainly a prima facie case for plaintiff as to defendants’" liability as co-partners.
However, while Donnelly was under cross-examination by counsel for defendant, and at defendant’s request, an agreement was marked in evidence as defendant's Exhibit No 1, and which was signed by Donnelly, dated November 7, 1889, consenting to a dissolution of the firm of M. Donnelly & Co., carrying on the rail and scrap iron and metal business at 134 Leroy street, and assigning all of his title to said firm and its assets to defendant, McArdle, and further consenting; why his consent was necessary if the sale was bona fide does not appear; that McArdle’s son, Stephen, should take charge of the business at 134 Leroy street. The plaintiff duly objected to this agreement being marked in evidence by defendant, and certainly he was not bound by it, but it was part of defendant’s evidence to contradict the witness, Donnelly, and, at best, only impeached his credibility, for Donnelly, in explanation, testified that he gave the bill of sale, this agreement, so designated in record, for protection; that he signed it, “but I still had as much right there as I ever had before. I signed the paper; but I never sold my rights there; the business continued in the name of M. Donnelly & Co.; ” that after this bill of sale was made, the firm of M. Donnelly & Co. continued to do business the same as it did before, and did over a million dollars afterwards, and that both he and McArdle signed M. Donnelly & Co. to notes in the bank, and then continuing under cross-examination, he testified that as late as “in 1891,1 claiming to be a member of the firm of M. Donnelly & Co., brought an action in the supreme court against Patrick J. McArdle for an accounting.” It is true, however, that defendant was again allowed to put in a part of his evidence while cross-examining this witness, for he had marked in evidence, as his Exhibit No. 2, the judgment only in *137 that supreme court action, which was merely a nonsuit, and could not bind this plaintiff, who was not a party to that action, and hence had no legitimate hearing upon this case. The nonsuit in this action should not have been granted, and the judgment is reversed, with costs to appellant to abide the event.
McGown, J., concurs.